1  Andrea F. Oxman (SBN 252646)
   *andrea.oxman@jacksonlewis.com*
2  Danielle C. Cepeda (SBN 327502)
   *danielle.cepeda@jacksonlewis.com*
3  **JACKSON LEWIS P.C.**
   725 South Figueroa Street, Suite 2500
4  Los Angeles, California 90017-5408
   Telephone:  (213) 689-0404
5  Facsimile:  (213) 689-0430

6  Attorneys for Defendant
   DARLING INGREDIENTS INC.

7

8              **UNITED STATES DISTRICT COURT**

9            **CENTRAL DISTRICT OF CALIFORNIA**

10

11  CHRISTIAN BOTELLO,                CASE NO: **2:21-cv-05187 MCS (JEMx)**

12          Plaintiff,                [*Assigned for all purposes to the Honorable Mark C. Scarsi, Courtroom 7C*]

13      vs.                           **DEFENDANT DARLING**
                                      **INGREDIENTS INC.'S NOTICE OF**
14  DARLING INGREDIENTS INC., and     **MOTION AND MOTION FOR**
    DOES 1 THROUGH 100, inclusive,    **JUDGMENT ON THE PLEADINGS;**
15                                    **MEMORANDUM OF POINTS AND**
            Defendants.               **AUTHORITIES IN SUPPORT**
16                                    **THEREOF**

17

18                                    [Fed. R. Civ. Pro. 12(c)]

19
                                      **Date:**     November 15, 2021
20                                    **Time:**     9:00 a.m.
                                      **Dept:**     Courtroom 7C
21

22                                    [Filed and served concurrently with
                                      Declarations of Andrea F. Oxman and
23                                    Preston Ward; Request for Judicial Notice;
                                      and [Proposed] Order]
24
                                      Complaint filed:  May 24, 2021
25  / / /

26  / / /

27  / / /

28  / / /

**TO THE HONORABLE COURT AND PLAINTIFF CHRISTIAN BOTELLO:**

**PLEASE TAKE NOTICE that** on November 15, 2021, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 7C of the above-captioned Court located at 350 W. 1st Street, 7th Floor, Los Angeles, California, 90012, Defendant DARLING INGREDIENTS INC. ("Defendant" or "Darling") will and hereby does move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

Defendant brings this Motion on the grounds that all of Plaintiff CHRISTIAN BOTELLO's ("Plaintiff" or "Botello") claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA"). Specifically, Plaintiff's first, second, third, and fourth causes of action are preempted by Section 301 of the LMRA because the terms and conditions of Plaintiff's employment with Darling were subject to a valid and enforceable collective bargaining agreement ("CBA") between Darling and United Food and Commercial Workers Local 770. 29 U.S.C. § 185(a); *Franchise Tx. Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 23 (1983). All of Plaintiff's claims are either derived from the CBA or require interpretation of the CBA. Additionally, because Plaintiff's fifth, sixth, seventh, and eighth causes of action are entirely derivative of Plaintiff's preempted second and third causes of action (for alleged missed meal and rest periods), they too are preempted and judgment as to these claims should be entered in favor of Defendant. *McKinley v. Southwest Airlines Co.*, No. CV 15-02939-AB (JPRx), 2015 U.S. Dist. LEXIS 69128, at *22 (C.D. Cal. May 19, 2015).

In the alternative, even if each of Plaintiff's claims is not preempted, Plaintiff has failed to allege sufficient facts to state a claim for failure to provide rest periods (Plaintiff's second cause of action); failure to provide meal periods (Plaintiff's third cause of action); breach of contract (Plaintiff's fourth cause of action); violation of California Labor Code section 204 (Plaintiff's fifth cause of action); failure to pay wages in a timely manner (Plaintiff's sixth cause of action); and violation of Labor Code section 226 (Plaintiff's seventh cause of action). Fed. R. Civ. P. 8(a), 12(c); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Further, Plaintiff's eighth cause of action for unfair competition is entirely

derivative of Plaintiff's deficient second, third, fifth, sixth, and seventh causes of action and thus likewise fails. *Atkins v. Praxair, Inc.*, 182 Fed. Appx. 724, 726-727 (9th Cir. 2006).

First, and more specifically as to Plaintiff's second and third causes of action for failure to provide meal and rest periods, Plaintiff fails to allege sufficient facts to support his claims. Plaintiff does not identify any specific instances in which he was allegedly not provided meal periods or when he was entitled to but was not paid a rest or meal period premium. Further, Plaintiff does not off any factual allegations as to how Darling's scheduling and policies prevented him from taking rest and meal periods. This is fatal to his claims. *See Flores v. Marriott Resorts Hospitality Corp.* No. CV 18-8012 JVS (JPRx), 2019 U.S. Dist. LEXIS 168263, at *10-11 (C.D. Cal. May 13, 2019); *Shann v. Durham Sch. Servs., L.P.,* 182 F.Supp.3d 1044, 1048 (C.D. Cal. 2016).

Second, as to Plaintiff's fourth cause of action for breach of contract, Plaintiff fails to allege sufficient facts to support his claim. Specifically, Plaintiff fails to allege his performance or excuse of performance under the agreement at issue. *Oasis West Realty, LLC v. Goldman,* 51 Cal.4th 811, 821 (2011). Plaintiff also does not allege the substance of the relevant terms of the agreement. Plaintiff merely alleges he received less than the hourly wage set forth in the agreement but does not allege the hourly rate of pay he was paid during his employment nor does he allege the hourly rate he was purportedly entitled to. *Park-Kim v. Daikin Indus.,* No. 2:15-cv-09523-CAS(KKx), 2016 U.S. Dist. LEXIS 104248, at *14 (C.D. Cal. August 3, 2016).

Third, as to Plaintiff's fifth cause of action for violation of California Labor Code section 204, Plaintiff's claim fails as a matter of law because there is no private right of action for violation of California Labor Code section 204. *See Silva v. AvalonBay Cmtys., Inc.*, No. LA CV15-04157 JAK (PLAx), 2015 U.S. Dist. LEXIS 140673, at *26 (C.D. Cal. October 8, 2015).

Fourth, as to Plaintiff's sixth and seventh causes of action for failure to pay wages in a timely manner and violation of California Labor Code sections 226 and 203, these

claims are entirely derivative of Plaintiff's meal and rest period claims (second and third causes of action).  However, as a matter of law, such claims do not entitle Plaintiff to recover penalties under California Labor Code sections 226 and 203.  *Betancourt v. OS Restaurant Services, LLC*, 49 Cal.App.5th 240, 247-248 (2020); *Naranjo v. Spectrum Security Services, Inc.*, 40 Cal.App.5th 444, 474 (2019).

This Motion is made following the conference of counsel pursuant to Local Rule 7-3, which took place on August 11 and 16, 2021.  Counsel for the parties timely met and conferred in accordance with Local Rule 7-3; however, the parties were unable to resolve this matter informally, and Darling now requests this Court's intervention.  (*See* Declaration of Andrea F. Oxman, ¶¶ 3-9).

This Motion is based upon this Notice of Motion, the supporting Memorandum of Points and Authorities, the concurrently filed Declarations of Andrea F. Oxman and Preston Ward, the concurrently filed Request for Judicial Notice, as well as the pleadings and records in the Court's file, and such further argument that may be presented at or before the hearing on this Motion.

DATED: October 14, 2021                    JACKSON LEWIS P.C.


By: */s/Andrea F. Oxman*
    Andrea F. Oxman
    Danielle C. Cepeda

    Attorneys for Defendant
    DARLING INGREDIENTS INC.

# <u>TABLE OF CONTENTS</u>

**Page(s)**

I.    INTRODUCTION ................................................................ 12

II.   FACTUAL BACKGROUND.................................................. 13

    A.    Relevant Allegations in Plaintiff's Complaint ............................. 13

    B.    The Controlling Collective Bargaining Agreement ..................... 14

        1.    Dispute Resolution – Grievances and Arbitration as the Sole and Exclusive Remedy........................................................ 15

        2.    Meal and Rest Periods ......................................................... 16

    C.    Procedural Status of the Action and the Parties' Meet and Confer Discussions ............................................................. 17

III.  LEGAL STANDARD ........................................................... 17

IV.  DEFENDANT'S MOTION SHOULD BE GRANTED ................................ 19

    A.    Plaintiff's First Through Fourth Causes of Action Are Preempted by Section 301 of the Labor Management Relations Act ................ 19

        1.    Plaintiff's Wrongful Termination Claim Is Preempted by Section 301 of the LMRA.......................................................20

        2.    Plaintiff's Claim for Failure to Provide Rest Periods Is Preempted by Section 301 of the LMRA.............................22

        3.    Plaintiff's Claim for Failure to Provide Meal Periods Is Preempted by Section 301 of the LMRA.............................24

        4.    Plaintiff's Breach of Contract Claim Is Preempted by Section 301 of the LMRA........................................................25

        5.    Plaintiff's Fifth Through Eighth Causes of Action Are Preempted Because They Are Entirely Derivative of Plaintiff's Preempted Meal and Rest Period Claims ............................26

    B.    In the Alternative, And If the Court Concludes That Plaintiff's Claims Are Not Preempted, Plaintiff's Breach of Contract and Missed Meal and Rest Period Claims Still Fail Because Plaintiff Fails to Adequately Allege Claims Upon Which Relief Can Be Granted ................27

        1.    Plaintiff Fails to Allege Sufficient Facts to State A Claim for Breach of Contract .............................................................28

        2.    Plaintiff Fails to Allege Sufficient Facts to State Claims for Failure to Provide Meal and Rest Periods .........................29

    C.    Plaintiff's Derivative Claims Fail and Are Barred as A Matter of Law .......30

1          1.    Plaintiff May Not Assert A Private Right of Action forViolation of Labor Code Section 204 ................................................................30

2

3          2.    Plaintiff's Claims for Penalties Under Labor Code Sections 203 and 226 Are Barred, as a Matter of Law.............................................30

4          3.    Plaintiff's Unfair Competition Claim Is Entirely Derivative of His Other Deficient Claims and Fails Alongside Them ....................31

       D.    Plaintiff Should Not Be Granted Leave to Amend ........................................31

V.    CONCLUSION..................................................................................................32

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Alaska Airlines, Inc. v. Schurke*,
  898 F.3d 904 (9th Cir. 2018) ...................................................................... 19

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ......................................................................... 2, 27, 29

*Atkins v. Praxair, Inc.*,
  182 Fed. Appx. 724 (9th Cir. 2006) ........................................................ 3, 26

*Balistreri v. Pacifica Police Dep't*,
  901 F.2d 696 (9th Cir. 1990) ...................................................................... 17

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................... 27

*Burnside v. Kiewit Pac. Corp.*,
  491 F.3d 1053 (9th Cir. 2007) ............................................................. *passim*

*Curry v. Yelp Inc.*,
  875 F.3d 1219 (9th Cir. 2017) .................................................................... 31

*Doe I v. Wal-Mart Stores, Inc.*,
  572 F.3d 677 (9th Cir. 2009) ...................................................................... 27

*Ebner v. Fresh, Inc.*,
  838 F.3d 958 (9th Cir. 2016) ...................................................................... 31

*Flores v. Marriott Resorts Hospitality Corp.*
  No. CV 18-8012 JVS, 2019 U.S. Dist. LEXIS 168263 (C.D. Cal. May
  13, 2019) ................................................................................................. 3, 29

*Franchise Tx. Bd. v. Constr. Laborers Vacation Trust*,
  463 U.S. 1 (1983) ..................................................................................... 2, 19

*Franklin v. Adams & Assocs., Inc.*,
  No. 2:16-cv-00303-TLN, 2017 U.S. Dist. LEXIS 184643 (E.D. Cal. Nov.
  6, 2017) ........................................................................................................ 17

*Gallegos v. Atria Mgmt. Co., LLC,*
No. 16-00888 JGB, 2018 U.S. Dist. LEXIS 225324 (C.D. Cal. Feb. 22,
2018) ................................................................................................................ 18

*In re Gilead Scis. Secs. Litig.,*
546 F.3d 1049 (9th Cir. 2008) ......................................................................... 27

*Gray v. Marathon Petro. Logistics Servs., LLC,*
2021 U.S. Dist. LEXIS 8732 (C.D. Cal. January 12, 2021) ............................ 22, 23, 24

*Hal Roach Studios, Inc. v. Richard Feiner & Co.,*
896 F.2d 1542 (9th Cir. 1989) ................................................................... 14, 18

*Johnson v. Hewlett-Packard Co.,*
809 F. Supp.2d 1114 (N.D. Cal. 2011) ........................................................... 30

*Ketab Corp v. Mesriani & Assocs., P.C.,*
734 Fed. Appx. 401 (9th Cir. 2018) ................................................................ 28

*Kirton v. Summit Med. Ctr.,*
982 F.Supp. 1381 (N.D. Cal. 1997) ................................................................ 22

*Landers v. Quality Communs., Inc.*
771 F.3d 638 (9th Cir. 2014) ........................................................................... 29

*Lee v. City of Los Angeles,*
250 F.3d 668 688 (9th Cir. 2001) ........................................................... 18, 1, 2

*Livadas v. Bradshaw,*
512 U.S. 107 (1994) ......................................................................................... 26

*Marquez v. Toll Global Forwarding USA Inc.,*
2018 U.S. Dist. LEXIS 109463, No. 2:18-cv-03054-ODW ........................... 23, 24

*McKinley v. Southwest Airlines Co.,*
No. CV 15-02939-AB, 2015 U.S. Dist. LEXIS 69128 (C.D. Cal. May 19,
2015) ............................................................................................................. 2, 26

*Moreno v. Los Angeles Child Care & Dev. Council,*
963 F.Supp. 876 (1997) ................................................................................... 25

*Newberry v. Pacific Racing Assoc.,*
854 F.2d 1142 (9th Cir. 1988) ......................................................................... 25

*Newton v. Am. Debt Servs.*,
   75 F.Supp.3d 1048 (N.D. Cal. 2014)...................................................31

*Parino v. FHP, Inc.*,
   146 F.3d 699 (9th Cir. 1998) ....................................................18

*Park-Kim v. Daikin Indus.*,
   No. 2:15-cv-09523-CAS(KKx), 2016 U.S. Dist. LEXIS 104248 (C.D.
   Cal. August 3, 2016) ......................................................3, 28

*Ramirez v. Fox Television Station, Inc.*,
   998 F.2d 742 (9th Cir. 1993) ....................................................19

*Rhoades v. Progressive Cas. Ins. Co.*,
   2011 U.S. Dist. LEXIS 13773, No. 2:10-cv-0763-GEB-KJN (E.D. Cal.
   February 2, 2011)...........................................................30

*Saul v. United States*,
   928 F.2d 829 (9th Cir. 1991) ....................................................31

*Shann v. Durham Sch. Servs., L.P.*,
   182 F.Supp.3d 1044 (C.D. Cal. 2016) ..........................................3, 29

*Silva v. AvalonBay Cmtys., Inc.*,
   No. LA CV15-04157 ......................................................3, 30

*Singh v. Estate of Lunalilo*,
   779 F.Supp. 1265 (D. Hawaii 1991)......................................20, 21, 26, 31

*Skilstaf, Inc. v. CVS Caremark Corp.*,
   669 F.3d 1005 (9th Cir. 2012) ...................................................18

*Smith v. Evening News Ass'n*,
   371 U.S. 195 (1965)..........................................................19

*Snap! Mobile, Inc. v. Croghan*,
   No. 18-CV-04686-LHK, 2019 U.S. Dist. LEXIS 129039 (N.D. Cal. Aug.
   1, 2019) ..................................................................29

*Snow v. Betchel Constr., Inc.*,
   647 F.Supp. 1514 (C.D. Cal. 1986) ..............................................21

*Somers v. Apple, Inc.*,
   729 F.3d 953 (9th Cir. 2013) ....................................................31

*Stafford v. Key Mech. Co.*,
  2021 U.S. Dist. LEXIS 103747, No. C21-5063-BHS-MLP (W.D. Wash.
  April 27, 2021) ........................................................................................ 23, 24

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
  551 U.S. 308 (2007) ........................................................................................ 18

*Townsend v. Columbia Operations*,
  667 F.2d 844 (9th Cir. 1982) ........................................................................ 18

**California Cases**

*Betancourt v. OS Restaurant Services, LLC*,
  49 Cal.App.5th 240 (2020) ...................................................................... 4, 30

*McKell v. Washington Mutual, Inc.*,
  142 Cal.App.4th 1457 (2006) ........................................................................ 28

*Moreau v. San Diego Transit Corp.*,
  210 Cal.App.3d 614 (1989) ............................................................................ 20

*Naranjo v. Spectrum Security Services, Inc.*,
  40 Cal.App.5th 444 (2019) ...................................................................... 4, 30

*Oasis West Realty, LLC v. Goldman*,
  51 Cal.4th 811 (2011) ................................................................................ 3, 27

**Other State Cases**

*Byrd v. Masonite Corp.*,
  No. EDCV 16-35 ............................................................................................. 29

*Tate-Robertson v. Walmart, Inc.*,
  No. EDCV 19-27 ............................................................................................. 18

**Federal Statutes**

29 U.S.C.
  § 185(a) .................................................................................................... 2, 19

**California Statutes**

Business & Professions Code
  § 17200 *et seq.* ............................................................................................... 31

California Labor Code
    § 204..............................................................................................*passim*
    §§ 226 and 203....................................................................3, 4, 13
    § 226.7.....................................................................................24, 30

Labor Code
    § 201.........................................................................................30
    § 203.........................................................................................13
    §§ 203 and 226...................................................................12, 30
    §§ 204, 201, and 226.................................................................26
    §§ 204, 201/203, and 226..........................................................32
    § 226....................................................................................2, 13
    § 226(a).....................................................................................30

Labor Management Relations Act
    § 301....................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 8(a), 12(c) .............................................................2

Fed. R. Civ. P. 12(c).................................................2, 14, 17, 18

Federal Rule of Civil Procedure 8(a)(2) ......................................27

Local Rule 7-3.............................................................................4

Rule 12(b)(6)..............................................................................18

## MEMORANDUM OF POINTS AND AUTHROITIES

## I.  INTRODUCTION

Plaintiff filed this civil action alleging claims related to his employment with Defendant Darling Ingredients Inc. ("Defendant" or "Darling"). At all times during Plaintiff's employment with Darling, Plaintiff was a member of United Food and Commercial Workers Local 770 ("UFCW Local 770" or the "Union"). The terms and conditions of Plaintiff's employment were subject to the valid collective bargaining agreement entered into by UFCW Local 770 on behalf of its members, including Plaintiff. Accordingly, Plaintiff's claims are preempted by Section 301 of the Labor Management Relations Act ("LMRA").

In the alternative, and if the Court concludes that Plaintiff's claims are not preempted, Plaintiff's second and third causes of action for missed meal and rest periods, fourth cause of action for breach of contract, fifth cause of action for violation of Labor Code section 204[1], and sixth and seventh causes of action for penalties under Labor Code sections 203 and 226, each fail. **First**, Plaintiff fails to allege *any* facts to support his missed meal and rest period claims. Indeed, Plaintiff does not allege any specific instances when he was not provided with a meal period and does not offer any factual allegations about when and why he was not paid meal and rest premiums allegedly owed to him. As a matter of law, Plaintiff's failure to include such allegations is fatal to his claims.

**Second**, Plaintiff also fails to allege the necessary facts to support his breach of contract claim. Not only does Plaintiff fail to set forth the relevant terms of the contract at issue, Plaintiff does not allege either that he performed or was excused from performing under the contract, a necessary element to his claim. Likewise, Plaintiff provides no facts to support his claim that he was paid below the hourly rate required in the contract – Plaintiff does not specify what hourly rate he was paid and what hourly rate Darling should

---

[1] All citations and references herein to the Labor Code are references to the California Labor Code unless otherwise specified.

have allegedly paid him under the contract.  Plaintiff's conclusory allegations are utterly insufficient to support his claim.

**Third,** as a matter of law, Plaintiff may not pursue a private right of action for alleged violation of Labor Code section 204.  His fifth cause of action is thus barred.

**Fourth,** as alleged in the Complaint, Plaintiff's claims for penalties under Labor Code sections 226 and 203 are entirely derivative of his deficient meal and rest period claims.  Further, and as a matter of law, Plaintiff may not recover such penalties based on alleged meal and rest period premiums owed to him.  Plaintiff's sixth and seventh causes of action are thus also barred.

**Fifth,** Plaintiff's eighth cause of action for unfair competition is entirely derivative of his legally deficient second, third, fifth, sixth and seventh causes of action and thus fails alongside those claims.

In sum, and because all of Plaintiff's claims fail or are barred, as a matter of law, the Court should grant the instant Motion and enter judgment in favor of Darling on all claims.

## II.   FACTUAL BACKGROUND

### A.   Relevant Allegations in Plaintiff's Complaint

On May 24, 2021, Plaintiff filed an unverified Complaint against Darling in the Superior Court of the State of California for the County of Los Angeles. (Declaration of Andrea F. Oxman ("Oxman Decl."), ¶ 2, Ex. A [Complaint].[2])  In the Complaint, Plaintiff alleges the following eight causes of action: (1) Wrongful Termination of Employment; (2) Failure to Provide Rest Breaks; (3) Failure to Provide Meal Periods; (4) Breach of Contract; (5) Failure to Timely Pay Wages; (6) Failure to Timely Pay Wages Upon Termination (and seeking "waiting time penalties" under Labor Code section 203); (7) Failure to Provide Accurate Wage Statements (and seeking penalties under Labor Code section 226); and (8) Unfair Competition. (*Id.*)

---

[2] For ease of the Court's review, Defendant has attached a copy of the operative Complaint in this matter to the concurrently filed Declaration of Andrea F. Oxman as Exhibit A.

Specifically, Plaintiff alleges he "was terminated from his employment at Darling Ingredients Inc. for complaining to his superiors about not being provided with rest breaks ... and not being provided a second meal period during his work shift." [3] (Complaint, ¶ 17). Plaintiff's claims for waiting time penalties, wage statement penalties, and unfair competition are all derivative of his meal and rest period claims. (*Id.*, ¶¶ 20-24 [Second Cause of Action], 25-29 [Third Cause of Action], 34-37 [Fifth Cause of Action], 38-41 [Sixth Cause of Action], 42-45 [Seventh Cause of Action], and 46-56 [Eighth Cause of Action]).

In his Complaint, Plaintiff confirms that he was a union member during his employment with Darling. (*Id.*, ¶¶ 14, 31-32.) In connection with his breach of contract claim, Plaintiff alleges: "he was paid at an hourly wage that was below the hourly wage agreed upon between Plaintiff's labor union [UFCW Local 770] and Defendant…" (*Id.*, ¶¶ 30-33.) Notably, Plaintiff does not allege what specific provision of the applicable agreement Darling allegedly breached, what hourly rate Plaintiff was actually paid, and what hourly rate Plaintiff contends he should have received. Likewise, nowhere in the Complaint does Plaintiff allege that he performed or was excused from performing his obligations under the agreement. Plaintiff also does not attach a copy of the applicable union agreement which governed the terms and conditions of his employment to the Complaint.

## B.   The Controlling Collective Bargaining Agreement

Plaintiff's employment with Darling began on or about February 18, 2018 and ended on or about April 30, 2021. (Complaint, ¶¶ 5, 17). Plaintiff was a Process Operator throughout his employment with Darling. (*Id.*, ¶ 6). At all relevant times, the terms and conditions of Plaintiff's employment were subject to the valid collective bargaining

---

[3] For purposes of this Motion only, Darling takes the allegations pleaded by Plaintiff in the Complaint as true. *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1989) ("For purposes of [a Rule 12(c)] motion, the allegations of the non-moving party must be accepted as true, while the allegations of the moving party which have been denied are assumed to be false.") (citing *Doleman v. Meiji Mutual Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir. 1984).

agreement between Darling International Inc. and UFCW Local 770 effective August 29, 2016 through September 1, 2019 (the "Agreement") and a Memorandum of Agreement between Darling International Inc. and UFCW Local 770 effective September 1, 2019 through August 29, 2022 (the "MOA") (together, the Agreement and MOA are referred to as the "Collective Bargaining Agreement" or the "CBA").[4]  (Declaration of Preston Ward ("Ward Decl."), ¶ 4, Exs. A (CBA), B (MOA)).

The CBA contains the following provisions relevant to the instant Motion.

### 1.   Dispute Resolution – Grievances and Arbitration as the Sole and Exclusive Remedy

Articles XII and XIII of the Agreement provide when an employee may be subject to termination and how an employee may dispute that termination if the employee believes it was wrongful or in violation of the CBA.  (Ward Decl., Ex. A (Agreement) at pp. 11-12).  In pertinent part, Article XIII provides: "[t]he Employer may discipline or discharge employees for just and sufficient cause in connection with misconduct occurring on Company property or on Company time." (*Id.*at p. 12, Article XIII, Paragraph 2).

In turn, Article XII sates in part: "Grievances concerning alleged improper discharge must be presented within five (5) working days after the employee has received notice of discharge."  (*Id.* at p. 11, Article XII).  Under Article XII, a grievance is defined as "**any dispute** between the Employer and the Union or **between the Employer and an employee concerning the interpretation or application of any of the terms of this Agreement**, and all grievances must be filed in writing with the Plant Superintendent and processed in accordance with the procedure hereinafter set forth."  (*Id.* at p. 11, Article XII (emphasis added).)

Article XII further provides that such grievances are to be discussed between the aggrieved employee, Union, and Darling, with the parties attempting to reach a settlement.  (*Id.*)  "If no settlement is reached…, then…the Union may file…a written notice of appeal to arbitration, and thereupon the parties shall enter into a submission agreement which shall

---

[4] Darling previously went by the name Darling International Inc.  (Ward Decl., ¶¶ 3, 5; Request for Judicial Notice, Ex. A.)

clearly state the arbitrable issue or issues to be decided." (*Id.*) **Notably, Article XII expressly provides: "the grievance and arbitration procedure set forth in this Article shall constitute the sole and exclusive method of adjustment and settlement between the parties of any and all grievances as herein defined."** [5] (*Id.* at p. 12, Article XII (emphasis added).)

### 2. Meal and Rest Periods

Article IV and XVII of the Agreement sets forth the terms and conditions concerning an employee's meal and rest periods. (*Id.* at pp. 4, 17-18). In pertinent part, Article IV provides:

> "During each shift, at regular times designated by the Employer, two (2) rest periods shall be allowed without reduction in pay. **A fifteen (15) minute rest period shall be granted during the first half of each shift, and a fifteen (15) minute rest period shall be granted during the second half of the shif**t … Employees required to work twelve (12) hours or more shall be granted an additional fifteen (15) minute rest period..."

(*Id.* at p. 4, Article IV, Paragraph 1) (emphasis added).)

In turn, Article XVI of the agreement defines the term "shift" as consisting eight (8) hours. (*Id.* at p. 15, Article XVI, Paragraph 1.) Read together, Articles IV and XVI provide Darling employees with one 15-minute rest period during the first four hours of an employee's eight-hour shift, a second 15-minute rest period during the second four hours of an employee's eight-hour shift, and a third 15-minute rest period if an employee works 12 hours or more.

As to meal periods, Article XVII states in pertinent part:

> "Time and one-half (1 ½) shall be paid: … For all time worked in excess of five (5) continuous hours without time off or for lunch and until a lunch period is given, provided this requirement shall not apply to an

---

[5] Plaintiff was well aware that the CBA set forth the exclusive remedy for each of the claims he alleges in the Complaint because in accordance with the CBA, Plaintiff filed a grievance with UFCW Local 770 on May 10, 2021 regarding his termination. (Ward Decl., ¶ 6, Ex. C.) The Union then submitted a demand for arbitration on Plaintiff's behalf on May 24, 2021, ironically, the same day Plaintiff filed the Complaint in this matter. (*Id.*, ¶ 7, Ex. D.)

employee on a continuous shift job who is paid for taking his lunch while standing by plant equipment."

(*Id*. at p. 17, Article XVII, Paragraph 2.)  Appendix A of the Agreement and Article XVII of the MOA identify the hourly wage rates and annual increases for each job classification at Darling, including Process Operators such as Plaintiff.  (*Id*. at Agreement, p. 21; MOA, p. 1).

### C.    **Procedural Status of the Action and the Parties' Meet and Confer Discussions**

Defendant timely removed the case to this Court on June 25, 2021 and filed its Answer to Plaintiff's Complaint on July 26, 2021.  (Docket Nos. 1, 9).  Defendant's First and Fifth affirmative defenses in its Answer are failure to state a claim and preemption under Section 301 of the LMRA, respectively.  (Docket No. 9 [Darling's Answer] at pp. 9-10.)

Pursuant to Federal Rules of Civil Procedure Rule 12(c), Central District Local Rule 7-3, and this Court's Standing Order, the parties met and conferred regarding Plaintiff's allegations in the Complaint and this Motion. (Oxman Decl., ¶¶ 3-9).  Ultimately, they were unable to informally resolve this matter without Court intervention because Plaintiff refused to dismiss his claims in this action and pursue his demand for arbitration under the CBA.

## III.   **LEGAL STANDARD**

Judgment on the pleadings is appropriate when, assuming all material facts in the pleading are true, the moving party is entitled to judgment as a matter of law.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (holding dismissal pursuant to Rule 12(c) is proper where there is either a "lack of cognizable legal theory or absence of sufficient facts alleged under a cognizable legal theory"); *see also Franklin v. Adams & Assocs., Inc.*, No. 2:16-cv-00303-TLN (KJNx), 2017 U.S. Dist. LEXIS 184643, at *6 (E.D. Cal. Nov. 6, 2017) (holding that courts may also consider and grant motions  for partial judgment on the pleadings).

A court may consider a motion to dismiss after a defendant has filed an answer through a motion for judgment on the pleadings. *See* Fed. R. Civ. P. 12(c) ("After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."). A defendant may "raise a challenge for failure to state a claim upon which relief can be granted in a Rule 12(c) motion if she has already filed a responsive pleading." *Tate-Robertson v. Walmart, Inc.,* No. EDCV 19-27 JGB (SHKx), 2019 U.S. Dist. LEXIS 209520, at *4 (C.D. Cal. May 16, 2019) (citations omitted). A motion for judgment on the pleadings under Rule 12(c) is virtually interchangeable with a motion to dismiss under Federal Rule of Civil Procedure ("FRCP") 12(b)(6). *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir. 1990). The same standard applies to both motions. *See Gallegos v. Atria Mgmt. Co., LLC,* No. 16-00888 JGB (SPx), 2018 U.S. Dist. LEXIS 225324, at *4 (C.D. Cal. Feb. 22, 2018) ("A motion for judgment on the pleadings is evaluated under the same standard as a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6); both motions fulfill the same function.").

Generally, a court may not consider any material beyond the pleadings in ruling on a motion for judgment on the pleadings. *See Hal Roach Studios, Inc.*, 896 F.2d at 1550; *Skilstaf, Inc. v. CVS Caremark Corp.,* 669 F.3d 1005, 1016, n. 9 (9th Cir. 2012). However, under the incorporation by reference doctrine, the Court may consider documents whose contents are alleged in the Complaint even if those documents are not physically attached to the Complaint. *Lee v. City of Los Angeles*, 250 F.3d 668 688 (9th Cir. 2001); *Parino v. FHP, Inc.,* 146 F.3d 699, 705-706 (9th Cir. 1998) (inner quotations omitted) (citing *Branch v. Tunnel,* 14 F.3d 449, 454 (9th Cir. 1994); *see also Townsend v. Columbia Operations*, 667 F.2d 844, 848 (9th Cir. 1982) (when ruling on a Rule 12(b)(6) motion, a district court may properly rely on documents that the claims in the complaint are based on even if the documents are not literally incorporated by reference). Additionally, the Court "must consider … matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007).

///

1

## IV.   **DEFENDANT'S MOTION SHOULD BE GRANTED**

2

### A.   **Plaintiff's First Through Fourth Causes of Action Are Preempted by Section 301 of the Labor Management Relations Act**

3

4

5

Section 301 of the LMRA provides that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce … may be brought in any district court." 29 U.S.C. § 185(a). Section 301 coverage applies to lawsuits brought by individual employees, as well as unions. *Smith v. Evening News Ass'n*, 371 U.S. 195, 200 (1965). The United States Supreme Court has held that the preemptive force of Section 301 is so powerful as to displace entirely any state law claim arising out of a collective bargaining agreement. *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 23 (1983).

6

7

8

9

10

11

12

To determine whether a state law claim is preempted by Section 301, courts employ a two-prong test. The first prong is "an inquiry into whether the asserted cause of action involves a right conferred upon an employee by virtue of state law, not by the [collective bargaining agreement] CBA." *Burnside v. Kiewit Pac. Corp.,* 491 F.3d 1053, 1059 (9th Cir. 2007).[6] "If the right exists solely as a result of the CBA, then the claim is preempted" and the analysis ends there. *Id.* at 1059. However, even if it is determined that a right exists independent of a collective bargaining agreement, the second prong of the test requires courts to "still consider whether…[the right giving rise to the claim] is nevertheless substantially dependent on [an] analysis of a collective-bargaining agreement." *Id.* If resolution of the claim requires an interpretation of the collective bargaining agreement, then the claim is preempted. *Id.* at 1060. Thus, "a state-law claim is preempted by Section 301 if the resolution of the state-law claim depends upon the meaning of a collective-bargaining agreement." *Ramirez v. Fox Television Station, Inc.,* 998 F.2d 742, 748 (9th Cir. 1993) (inner citation and quotations omitted). "[W]hile a state

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[6] *See also Alaska Airlines, Inc. v. Schurke*, 898 F.3d 904, 920, fn. 11 (9th Cir. 2018) (holding the *Burnside* two prong test remains the correct inquiry to determine whether a claim is preempted under the LMRA).

may establish a particular cause of action which establishment serves to demonstrate the state's general public policy, preemption will nonetheless occur if … it is necessary to interpret the pertinent collective bargaining agreement."  *Moreau v. San Diego Transit Corp.,* 210 Cal.App.3d 614, 627 (1989)) (citations omitted).

### 1.    Plaintiff's Wrongful Termination Claim Is Preempted by Section 301 of the LMRA

Plaintiff's wrongful termination claim cannot survive the *Burnside* two-prong test. The gravamen of Plaintiff's wrongful termination claim is that he was terminated without just cause.  Such a claim falls squarely within the applicable CBA because it is a right that exists because of the CBA.  Even if that were not the case, the claim substantially depends on an analysis of the CBA and thus is preempted.

As to the first prong in the *Burnside* test, Article XIII of the Agreement dictates when an employee may be terminated and what constitutes "just and sufficient cause" for termination.  ((Ward Decl., Ex. A (CBA), Article XIII, p. 12, Paragraph 2) (emphasis added).)  In turn, if an employee, such as Plaintiff, believes his or her termination was "unjust," wrongful, or in violation of the CBA, the employee's excusive remedy is to utilize the grievance and arbitration procedures set forth in Article XII of the Agreement. (*Id.*, Agreement, p. 11-12).  Plaintiff's allegation that he was not terminated for "just cause" is a matter clearly covered by the CBA.

*Singh v. Estate of Lunalilo,* 779 F.Supp. 1265, 1271 (D. Hawaii 1991) is on point and instructive.  In *Singh,* the employee plaintiff alleged she was wrongfully terminated for complaining about the conditions of her employment.  *Id.* at 1266-67.  During her employment, plaintiff was subject to a valid collective bargaining agreement.  *Id.* at 1266.  In response to the complaint, the defendant employer moved to dismiss plaintiff's wrongful discharge claim on the grounds that it was preempted by Section 301 of the LMRA.  *Id.* The court granted the motion, holding:

> "A determination of the validity of Singh's claims for wrongful
> discharge and intentional and negligent infliction of emotional distress
> requires an analysis of whether the discharge was justified under the
> terms of the CBA…Thus, the gravamen of Singh's complaint is that

> she was discharged without 'just cause.'  A dispute over whether 'just cause' existed for her discharge is clearly a matter covered by the CBA and requiring interpretation of the CBA."

*Id.* at 1271 (inner citations omitted).

The *Singh* court further held that the collective bargaining agreement provided the exclusive remedy for an alleged breach of the agreement and that the plaintiff employee had improperly attempted to recharacterize her claim as a state law claim.  (*Id.*)  The court concluded that "[s]uch 'artful pleading' should not be permitted to defeat the significant policies of federal labor law."  *Id.* (quoting *Olguin v. Inspiration Consol. Copper Co.,* 740 F.2d 1468, 1472 (9th Cir. 1984)).

Here, as in *Singh,* Plaintiff attempts to improperly characterize his alleged wrongful termination as a state law claim when Article XII of the applicable CBA provides the exclusive remedy for Plaintiff's claim. Plaintiff's attempt to circumvent the grievance and arbitration procedures in the CBA is untenable, particularly given that Plaintiff clearly knew his exclusive remedy was to file a grievance with the Union (which he did on May 10, 2021) and then demand arbitration (which Plaintiff did the same day he filed the instant lawsuit).  As such, and because Plaintiff's right to only be terminated for "just cause" arises from the CBA, Plaintiff's claim is preempted and judgment as to Plaintiff's first cause of action should be entered in favor of Defendant.

While the Court can and should conclude that Plaintiff's wrongful termination claim is preempted based solely on the first prong of the *Burnside* test, if the Court considers the second prong of the test, the result remains the same – Plaintiff's wrongful termination claim is preempted.  This is because the claim necessarily requires interpretation of the applicable CBA and Article XIII of the Agreement to determine whether Plaintiff's termination was actually for "just and sufficient cause."  *See Snow v. Betchel Constr., Inc.,* 647 F.Supp. 1514, 1519 (C.D. Cal. 1986) ("Section 301 [of the LMRA] preempts state wrongful termination actions when they are brought by employees whose terms and conditions of employment are governed by a collective bargaining agreement which

requires just cause for termination and provides grievance and arbitration procedures"); *see also Kirton v. Summit Med. Ctr.,* 982 F.Supp. 1381, 1386 (N.D. Cal. 1997) (concluding the employee's breach of contract claim was preempted under Section 301 of the LMRA because it required interpretation of the collective bargaining agreement to determine if the employer breached the agreement by discharging plaintiff without good cause). Accordingly, Defendant's Motion should be granted and judgment entered in favor of Defendant as to Plaintiff's first cause of action for wrongful termination.

### 2. Plaintiff's Claim for Failure to Provide Rest Periods Is Preempted by Section 301 of the LMRA

As with Plaintiff's wrongful termination claim, Plaintiff's claim for missed rest periods is preempted because Plaintiff's right to rest periods is grounded in the CBA. Article IV, Paragraph 1 of the Agreement provides that employees are entitled to a 15-minute rest period during both the first and second half of their eight-hour work shifts. (Ward Decl. at Ex. A (CBA), p. 4, Article IV, Paragraph 1 (rest periods); p. 15, Article XVI, Paragraph 1 (defining "shift" as used in the CBA).) Further, the CBA provides that if an employee works 12 or more hours, the employee is entitled to an additional 15-minute rest period. (*Id.* at Ex. A, p. 4, Article IV, Paragraph 1.)

Here, the CBA affords greater protections to Plaintiff than the California Labor Code. Under California law, Plaintiff would have only been entitled to one 10-minute paid rest period for every four hours worked or major fraction thereof. *See* Industrial Welfare Commission Order No. 1-2001, Section 12(A). The CBA, however, mandates that all union employees, including Plaintiff, receive a **15-minute** paid rest period during the first four hours of their shift, a second 15-minute paid rest period during the last four hours of their shift, and an additional 15-minute rest period if the employees work more than 12 hours. In his Complaint, Plaintiff alleges that his shifts were always at least eight hours. (Complaint, ¶ 7.)

Applying the first prong in the *Burnside* preemption analysis, Plaintiff's right to 15-minute rest periods arises directly from the CBA and therefore his rest period claim is

preempted.  *Gray v. Marathon Petro. Logistics Servs., LLC*, 2021 U.S. Dist. LEXIS 8732, at *12-14 (C.D. Cal. January 12, 2021) (holding plaintiff's claims for alleged missed rest periods were preempted because right to rest periods was set forth in CBA and not derived from state law); *see also Stafford v. Key Mech. Co.,* 2021 U.S. Dist. LEXIS 103747, No. C21-5063-BHS-MLP, at *22 (W.D. Wash. April 27, 2021) ("Because Plaintiff's rest and meal break claims exist as a result of LMA [a collective bargaining agreement], they are preempted at this first step of the § 301 analysis and do not require further analysis under the second step.").  This showing alone is sufficient to defeat Plaintiff's rest period claim.

However, even when considering the second prong of the *Burnside* test, Plaintiff's rest period claim still fails because resolution of Plaintiff's rest period claim would require interpretation of the CBA.  *See Gray*, 2021 U.S. Dist. LEXIS 8732, at *13 ("[the LMRA] also preempts claims that are independent of a labor contract where their resolution requires interpretation of a [collective bargaining agreement]"); *see also Marquez v. Toll Global Forwarding USA Inc.*, 2018 U.S. Dist. LEXIS 109463, No. 2:18-cv-03054-ODW (ASx), at *7-11 (C.D. Cal. June 28, 2018) (holding plaintiff's meal and rest period claims were preempted because resolution of such claims required interpretation of the collective bargaining agreement governing the terms of plaintiff's employment).  To resolve Plaintiff's claim in this action, the Court would have to interpret the terms of the CBA which defines the nature and extent of rest periods that Plaintiff was entitled to. Specifically, the Court would have to determine when Plaintiff was entitled to a paid rest period according to the CBA including what it means under the CBA to be "granted" a 15-minute rest period and how Darling's scheduling and policies allegedly prevented Plaintiff from taking such rest periods.  The necessity for such interpretation satisfies the second prong of the *Burnside* test and bars Plaintiff's claim.  Judgment on this claim should be entered in favor of Defendant.

### 3. Plaintiff's Claim for Failure to Provide Meal Periods Is Preempted by Section 301 of the LMRA

Like Plaintiff's claim for missed rest periods, Plaintiff's claim for missed meal periods is preempted. This is because the CBA also includes an explicit provision providing for meal period premiums above and beyond what is required by California. In other words, because Plaintiff's claim for premium pay for allegedly missed rest periods arises from the CBA, his claim is preempted.

With regards to the first prong of the *Burnside* test, Plaintiff's meal period claim involves a right conferred by the CBA. Article XVII, Paragraph 2 of the CBA provides that an employee is entitled to a meal period by the end of the fifth hour of their work shift and mandates that Darling pay an employee a "time and one-half (1 ½)" premium for each missed meal period. (Ward Decl. at Ex. A (Agreement) at p. 17, Article XVII, Paragraph 2.) Plaintiff's entitlement to meal period premiums under the CBA is greater than what is provided for by California Labor Code. Under California Labor Code Section 226.7, an employee is entitled only to one additional hour of pay at the employee's regular rate of pay if the employee is not provided with a timely meal period. The CBA, however, affords greater protection to the employee in that it requires Darling to pay "[t]ime and one-half (1 ½)" to an employee who misses a meal period. Plaintiff's right to meal periods and meal period premiums thus arises under the CBA and is preempted. *See Gray*, 2021 U.S. Dist. LEXIS 8732, at *12-14; *see also Stafford,* 2021 U.S. Dist. LEXIS 103747, at *22.

Resolution of Plaintiff's meal period claim also requires an interpretation of the CBA and is thus also preempted under the second prong of the *Burnside* test. *See Gray*, 2021 U.S. Dist. LEXIS 8732, at *13; *see also Marquez,* 2018 U.S. Dist. LEXIS 109463, at *7-11. For example, the Court would first have to interpret Article XVII of the Agreement and the term "continuous shift job" to determine whether Plaintiff was owed premium pay for his allegedly missed meal periods and whether while working a "continuous shift job," Plaintiff was required to "stand by plant equipment." The Court would also have to interpret what it means under the CBA to "give[]" a meal period and how Darling's

scheduling and policies allegedly prevented Plaintiff from taking such meal periods. In sum, because the CBA provides Plaintiff's right to meal period premiums and requires an interpretation of the applicable provisions set forth therein, Plaintiff's meal period claim is preempted by Section 301 of the LMRA and judgment on this claim should be entered in favor of Defendant.

### 4. Plaintiff's Breach of Contract Claim Is Preempted by Section 301 of the LMRA

Plaintiff's breach of contract claim undisputedly arises out of the CBA that governed the terms and conditions of his employment at Darling and thus it is also subject to LMRA preemption. *Moreno v. Los Angeles Child Care & Dev. Council,* 963 F.Supp. 876, 880 (1997) ("A 'state contract claim is preempted by § 301 if any term of the collective bargaining agreement must be interpreted to resolve' it.") (citing *DeLapp v. Continental Can Co., Inc.,* 868 F.2d 1073, 1075 (9th Cir. 1997)). Indeed, the only factual allegation Plaintiff offers in support of his breach of contract claim is that he "was paid at an hourly wage that was below the hourly wage agreed upon between Plaintiff's labor union and Defendant Darling Ingredients Inc." (Complaint, ¶ 31). As Plaintiff concedes, the CBA set forth the wage rates and increases applicable to Plaintiff throughout his employment with Darling. (Ward Decl., Ex. A (Agreement), Appendix A at p. 21; Ex. B (MOA) at p. 1, Article XVII). Thus, under the first prong of the *Burnside* test*,* Plaintiff's claim is preempted.

Resolution of Plaintiff's breach of contract claim also requires the interpretation of the CBA, establishing that it is also preempted under the second prong of the *Burnside* test. To resolve Plaintiff's claim, the Court will have to interpret the terms of the CBA to determine when and if Plaintiff was entitled to receive an increase in his hourly rate and also to determine the appropriate increase under the CBA Plaintiff's job position and what corresponding hourly rate he was entitled to receive given his position at Darling. Such interpretation establishes that Plaintiff's claim is preempted. *See Newberry v. Pacific Racing Assoc.*, 854 F.2d 1142, 1147-48 (9th Cir. 1988) (affirming district court's decision

that plaintiff's claim was preempted because plaintiff's "employment contract was the collective bargaining agreement, and her cause of action, alleging that her employer did not practice good faith or fair dealing, requires us to interpret the specific language of the agreement's terms.")

Plaintiff's breach of contract claim may also not be heard by this Court because the sole and exclusive remedy for any complaint Plaintiff has about either the interpretation or application of the CBA is through the grievance and arbitration procedure set forth in the CBA.  (Ward Decl., Ex. A at pp. 11-12, Article XII).  The preemptive effect of Section 301 of the LMRA is to prevent parties, such as Plaintiff from reneging "on their arbitration promises by 'relabeling' as tort suits actions simply alleging breaches of duties assumed in collective bargaining agreements."  *Livadas v. Bradshaw*, 512 U.S. 107, 122-123 (1994) (citing *Lueck*, 471 U.S. at 211); *see also Singh,* 779 F.Supp. at 1271 ("Since nearly every breach of a CBA can be restated as a state law contract or tort action, the central role of arbitration in federal labor law could be easily bypassed if section 301 is not interpreted as preempting these claims.") (citing *Lueck*, 471 U.S. at 219-220).  Likewise, a "rule that permitted an individual to sidestep available grievance procedures would cause arbitration to lose most of its effectiveness…as well as eviscerate a central tenet of federal labor contract law under § 301 that it is the arbitrator, not the court, who has the responsibility to interpret the labor contract in the first instance."  *Lueck*, 471 U.S. at 221.  Plaintiff should not be permitted to establish such a rule in this matter and judgment should be entered in favor of Defendant on Plaintiff's breach of contract claim.

### 5. Plaintiff's Fifth Through Eighth Causes of Action Are Preempted Because They Are Entirely Derivative of Plaintiff's Preempted Meal and Rest Period Claims

Plaintiff's claims for alleged violations of Labor Code Sections 204, 201, and 226, as well as his claim for unfair competition, are entirely derivative of Plaintiff's meal and rest period claims. (Complaint, ¶¶ 34-56.)  As a matter of law, such derivative claims are likewise subject to LMRA preemption and are barred.  *Atkins v. Praxair, Inc.*, 182 Fed. Appx. 724, 726-727 (9th Cir. 2006); *see also McKinley v. Southwest Airlines Co.*, No. CV

15-02939-AB, 2015 U.S. Dist. LEXIS 69128, at *22 (C.D. Cal. May 19, 2015) ("Since Plaintiff's overtime claim is preempted…so too are Plaintiff's other [derivative] claims…The Court agrees.").  As such, Plaintiff's judgment on these claims should also be entered in favor of Defendant.

**B.** **In the Alternative, And If the Court Concludes That Plaintiff's Claims Are Not Preempted, Plaintiff's Breach of Contract and Missed Meal and Rest Period Claims Still Fail Because Plaintiff Fails to Adequately Allege Claims Upon Which Relief Can Be Granted**

Federal Rule of Civil Procedure 8(a)(2) mandates that each claim in a pleading be supported by "a short and plain statement showing the pleader is entitled to relief."  A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face" in order to satisfy the requirements of Rule 8(a)(2).  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the alleged misconduct," which "asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Twombly*, 550 U.S. at 556).  Although detailed factual allegations are not required to survive a motion for judgment on the pleadings, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly,* 550 U.S. at 555; *see also Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 683 (9th Cir. 2009) (holding that the court need not accept a plaintiff's unwarranted conclusions and inferences in reviewing a motion to dismiss); *In re Gilead Scis. Secs. Litig.*, 546 F.3d 1049, 1055 (9th Cir. 2008) (holding that the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences").

### 1.    Plaintiff Fails to Allege Sufficient Facts to State A Claim for Breach of Contract

Here, even assuming *arguendo* Plaintiff's breach of contract claim is not preempted, Plaintiff fails to allege sufficient facts to state a claim. To state a claim for breach of contract under California law, a plaintiff must plead "(1) the existence of a contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach, and (4) the resulting damages to the plaintiff." *Oasis West Realty, LLC v. Goldman,* 51 Cal.4th 811, 821 (2011) (citing *Reichert v. General Ins. Co.,* 68 Cal.2d 822, 830 (1968)). "A written contract may be pleaded either by its terms—set out verbatim in the complaint or a copy of the contract attached to the complaint and incorporated therein by reference—or by its legal effect. [] In order to plead a contract by its legal effect, plaintiff must allege the substance of its relevant terms." *McKell v. Washington Mutual, Inc.*, 142 Cal.App.4th 1457, 1489 (2006) (inner citations and quotations omitted); *see also Park-Kim v. Daikin Indus.,* No. 2:15-cv-09523-CAS(KKx), 2016 U.S. Dist. LEXIS 104248, at *14 (C.D. Cal. August 3, 2016) ("[W]here [] a plaintiff's cause of action is based on an alleged breach of written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference.") (inner quotations and citations omitted).

In the Complaint, Plaintiff merely alleges "[t]he failure of Darling Ingredients Inc. to pay the Plaintiff at the hourly wage that was agreed upon in the agreement entered into with Plaintiff's labor union was a breach of the agreement" and as a result of the breach, "Plaintiff has suffered monetary damages in an amount to be determined at trial." (Complaint, ¶¶ 32, 33).  However, Plaintiff fails to allege his performance or excuse for nonperformance under "the agreement entered into with Plaintiff's labor union," nor Plaintiff allege the substance of the relevant terms of the agreement.  Plaintiff also fails to allege *facts* to support his conclusory allegation that Defendant "breached" the contract. Plaintiff does not specify the allegedly deficient and lower hourly rate of pay he received during his employment, nor does he specify the hourly rate he should have received under

the contract at issue.  Absent such allegations, Defendant is left to guess as to the basis of Plaintiff's claim.  This is legally impermissible.  *Ketab Corp v. Mesriani & Assocs., P.C.,* 734 Fed. Appx. 401, 412 (9th Cir. 2018) (affirming trial court's decision granting defendant's motion for judgment on the pleadings as to the plaintiff's breach of contract claim because plaintiff offered only conclusory allegations to support his claim.). Accordingly, Plaintiff's claim fails and judgment on this claim should be entered in favor of Defendant.

### 2.     Plaintiff Fails to Allege Sufficient Facts to State Claims for Failure to Provide Meal and Rest Periods

As with Plaintiff's breach of contract claim, Plaintiff fails to allege the necessary facts to support his meal and rest period claims.  Plaintiff only generically alleges that he was not provided with meal and rest periods or paid premiums for allegedly missed meal and rest periods.  (Complaint, ¶¶ 18-12, 23, 28).  But such "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice." *Iqbal,* 556 U.S. at 678 (citation omitted).  At minimum, Plaintiff is required to identify one specific instance of when he was owed a meal period premium and the premium was not paid.  *Flores v. Marriott Resorts Hospitality Corp.,* 2019 U.S. Dist. LEXIS 168263, No. CV 18-8012 JVS (JPRx), at *10-11 (C.D. Cal. May 13, 2019) (the requirement set forth by the 9th Circuit Court of Appeals that a plaintiff must plead at least one specific instance of an overtime premium violation applies equally to claims for meal period premium violations) (citing *Landers v. Quality Communs., Inc.* 771 F.3d 638, 644-645 (9th Cir. 2014)); *see also Shann v. Durham Sch. Servs., L.P.,* 182 F.Supp.3d 1044, 1048 (C.D. Cal. 2016) ("The pleading standard set forth in [*Landers*] apply equally to Plaintiff's state overtime, minimum wage, meal period, and rest break allegations."); *Snap! Mobile, Inc. v. Croghan*, No. 18-CV-04686-LHK, 2019 U.S. Dist. LEXIS 129039, at *37 (N.D. Cal. Aug. 1, 2019) (holding that plaintiff's failure to allege that the employer-defendant knew or should have known when plaintiff was taking rest breaks rendered plaintiff's meal and rest

period claims insufficient) (citing *Brinker Restaurant Corp. v. Superior Court,* 53 Cal.4th 1004, 1051-1052).

Similarly, Plaintiff must allege he was in fact eligible to receive a paid rest period based upon the hours he worked and offer specific examples of when and why he was not provided with the requisite rest periods. *See Byrd v. Masonite Corp.*, No. EDCV 16-35 JGB (KKx), 2016 U.S. Dist. LEXIS 23435, at *11 (C.D. Cal. Feb. 25, 2016) (dismissing the plaintiff's state law claims, including meal and rest period claims, because nowhere in the complaint did the plaintiff identify a specific instance in which he was denied a meal or rest period). Because Plaintiff fails to offer any factual allegations about when and why he was not paid alleged meal and rest premiums owed to him, these claims fail and judgment on these claims should be entered in favor of Defendant.

### C. Plaintiff's Derivative Claims Fail and Are Barred as A Matter of Law

#### 1. Plaintiff May Not Assert A Private Right of Action for Violation of Labor Code Section 204

Plaintiff may not pursue a private right of action for alleged violation of Labor Code Section 204 because such a claim is not authorized. There is no private right of action under Section 204. *See Silva v. AvalonBay Cmtys., Inc.*, No. LA CV15-04157 JAK (PLAx), 2015 U.S. Dist. LEXIS 140673, at *26 (C.D. Cal. October 8, 2015) (granting defendant's motion to dismiss because "Section 204 does not provide a right of action."); *see also Johnson v. Hewlett-Packard Co.*, 809 F. Supp.2d 1114, 1136 (N.D. Cal. 2011) ("There is nothing in section 204 or 210 that indicates, in 'clear and understandable, unmistakable terms' that a private right of action exists for violations for section 204."). Because Plaintiff's claim for alleged violation of Labor Code 204 is not permitted, judgment on this claim should be entered in favor of Defendant.

#### 2. Plaintiff's Claims for Penalties Under Labor Code Sections 203 and 226 Are Barred, as a Matter of Law

As a matter of law, Plaintiff may not recover penalties under Labor Code sections 203 and 226 solely based on his missed meal and rest period allegations. *Naranjo v. Spectrum Security Services, Inc.*, 40 Cal.App.5th 444, 474 (2019) ("[S]ection 226.7 actions

do not entitle an employee to pursue derivative penalties in Sections 203 and 226”); *see also Betancourt v. OS Restaurant Services, LLC*, 49 Cal.App.5th 240, 247-248 (2020) (Section 226.7 actions are not an action for nonpayment of wages).  However, this is precisely what Plaintiff seeks to do by way of his Complaint.[7]  Accordingly, Defendant’s Motion should be granted and judgment on these claims should also be entered in favor of Defendant.

### 3.    Plaintiff's Unfair Competition Claim Is Entirely Derivative of His Other Deficient Claims and Fails Alongside Them

“[W]here a private right of action under a given statute is absolutely barred, a litigant may not rely on the proscriptions of that law as the basis for a UCL claim.”  *Newton v. Am. Debt Servs.*, 75 F.Supp.3d 1048, 1058 (N.D. Cal. 2014) (quoting *Zhang v. Superior Court*, 57 Cal. 4th 364, 384) (inner quotations omitted).  Here, Plaintiff’s claim for unfair competition in violation of Business & Professions Code section 17200 *et seq.* is entirely derivative of his legally deficient second, third, fifth, sixth, and seventh causes of action. Because those claims fail as matter of law, so too does Plaintiff’s unfair competition claim and judgment on this claim should be entered in favor of Defendant.

### D.    Plaintiff Should Not Be Granted Leave to Amend

Where a motion for judgment on the pleadings is granted, dismissal without leave to amend is proper if it is clear that the complaint cannot be saved by amendment.  *Somers v. Apple, Inc.*, 729 F.3d 953, 960 (9th Cir. 2013) (citing *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008); *see also Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) (“A district court does not err in denying leave to amend where the amendment

---

[7] To the extent that Plaintiff contends that his claims for penalties under Labor Code Sections 203 and 226 arise from Defendant’s alleged failure to pay Plaintiff the hourly rate specified in the CBA, Plaintiff makes no such allegations in his Complaint.  (*See* Complaint, ¶¶ 38-45.)  Instead, Plaintiff offers only conclusory allegations about Defendant’s alleged failure to comply with Labor Code section 226(a) and Labor Code section 201. (*Id.*)  As a matter of law, such conclusory allegations are insufficient to save Plaintiff’s claims.  *See Rhoades v. Progressive Cas. Ins. Co.*, 2011 U.S. Dist. LEXIS 13773, No. 2:10-cv-0763-GEB-KJN, at *7-9 (E.D. Cal. February 2, 2011) (dismissing plaintiff’s claim for alleged inaccurate wage statements because plaintiff offered “nothing more than ‘a formulaic recitation of the elements of a cause of action.’”) (citing and quoting *Iqbal*, 556 U.S. at 678).

would be futile.") (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990). Here, any attempted amendment would be futile because each of Plaintiff's claims are preempted by Section 301 of the LMRA. *Singh*, 779 F.Supp. at 1271 (where a plaintiff improperly attempts to recharacterize their claim as a state law claim, "[s]uch 'artful pleading' should not be permitted to defeat the significant policies of federal labor law.") (quoting *Olguin,* 740 F.2d at 1472).

Further, Plaintiff must show how his Complaint could be amended to save his claims. *See Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017); *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016). Plaintiff will not be able to meet his burden. Indeed, during the meet and confer process, Defendant's counsel repeatedly requested that Plaintiff's counsel articulate how he could amend the Complaint to save his deficient claims. (Oxman Decl., ¶¶ 3-8.) Plaintiff's counsel declined to engage in any substantive discussion with Defendant's counsel on this topic but stated that he would seek leave to amend the Complaint if this Motion was granted. (*Id.*) Absent explanation of the specific factual allegations Plaintiff would add to his Complaint to save his claims, Plaintiff should not be granted leave to amend.

## V.   **CONCLUSION**

The terms and conditions of Plaintiff's employment with Darling were undisputedly governed by the CBA. As such and because Plaintiff's claims for wrongful termination, alleged meal and rest period violations, and breach of contract arise directly from the CBA and also require interpretation of the CBA, they are preempted by Section 301 of the LMRA. Plaintiff's derivative claims for alleged violations of Labor Code Sections 204, 201/203, and 226, as well as his claim for unfair competition, are thus also preempted. In the alternative, Plaintiff's derivative claims are barred as a matter of law. Accordingly, and for the all of the reasons set forth above, Darling respectfully requests that the Court

grant this Motion in its entirety and enter judgment in its favor on all claims.


DATED: October 14, 2021                    JACKSON LEWIS P.C.

                                           By: */s/Andrea F. Oxman*
                                               Andrea F. Oxman
                                               Danielle C. Cepeda

                                               Attorneys for Defendant
                                               DARLING INGREDIENTS INC.

4822-6675-3790, v. 1